Parker, C. J.
The question presented in this case is, whether an indorsee of a negotiable promissory note can maintain an action against the indorser, the promissor having died, and an administrator having been appointed, and duly qualified to act, before the day of payment; without proving a demand upon such administrator at the maturity of the note. Whether such demand was actually made or not, according to the usage of the bank where the note was left for collection, was a question for the jury ; and by the verdict it is established that none was made. But, as the jury were instructed that such a demand was necessary ; if that instruction was not right, the verdict must be set aside.
And we are all of opinion that the instruction was wrong ; and that it is not necessary, to charge the indorser, that a demand should be made of the administrator. The authorities cited by the defendant’s counsel(1) go merely to prove, that, in order to obtain a protest of a bill of exchange, or to charge the drawer or indorser, if the payee be dead, it is incumbent on the holder to present the bill to his personal representative, if he live within a reasonable distance.
From the strong analogy subsisting between bills of exchange and promissory notes, it is possible that this rule of law may be as applicable to the latter species of contract as to the former. Yet no authority has been cited to show that the rule has been applied to promissory notes, or to any instrument other than a foreign bill of exchange, where by the law merchant a protest is necessary.† [ * 88 ] * In England, however, there may be reasons for making a demand upon an executor or administrator of a deceased promissor in a note necessary, which do not exist in this country ; and, if the reasons upon which the law is founded do not exist, there is no cause why we should not decide according to the nature and spirit of the contract.
In this State a demand upon an administrator would, in most cases, *83 be entirely nugatory. He is not obliged to pay any debt of the deceased, except such as are particularly privileged, until a year from his appointment. If sued within the year, he is entitled to a continuance, of course. This indulgence is given to enable him to collect the effects of the deceased, and to ascertain their sufficiency to discharge all the debts. If there should be a deficiency, a general distribution takes place among all the creditors, without regard to the character of their demands, unless in the few excepted cases above alluded to. Under these circumstances, should he pay any debt, and it should afterwards appear that the estate is insolvent, he pays at his peril. A prudent executor, or administrator, will, therefore, seldom hazard the payment of a debt, before he has ascertained the situation of the estate ; and a demand upon him would be sure to meet with a refusal. Such a demand would, therefore, be merely a troublesome formality, without any use ; and notice to the indorser, that (the promissor being dead) he will be looked to for payment, will in every respect be as advantageous to him as a previous demand upon the promissor.
It is well settled, that, if the promissor abscond before the day of payment, or has concealed himself, the necessity of a demand is taken away.(2) Due diligence to find him is all that is required'in the latter case ; and, in the case of absconding, even that is not necessary.†
When the party is dead, and his representative is not obliged to pay his debts for a year after he assumed the trust, it would seem as idle to require a demand of him as it would be to pursue one who has absconded.‡
* In England there may be more reason for requiring [ * 89 J such demand ; for there the representative is at liberty to pay the debts, although there should not be enough to pay all, if he has regard to their rank and degree ; and he may always discharge himself by showing that he has paid away all that he has received. He may, therefore, pay a bill of exchange, or promissory note, when called upon. But in this country it is otherwise ; for, where the estate is insolvent, as in the present case, there is no reason to presume that a demand would be effectual.
We do not decide, that, when a note shall fall due after the expiration of the time allowed the executor or administrator, by our statute, upon an estate not represented insolvent, a demand upon him, or due diligence to make one, must not be proved. But in the present case we are satisfied that no such demand was necessary. *84 The verdict must, therefore, be set aside, and the defendant be called.†

Defendant defaulted.

 Chitty on Bills, Story’s edit., 172, 182. — Molloy, L. 2, c. 10, § 34. — Pothier,146,

 But see Chitty on Bills, 6th ed., 246 - 262. — Bayley on Bills, 5th ed., 219. — Thomson on Bills, 444. — Price vs. Young, 1 Nott & Cord, 438. — Roscoe, Ev., 158, 2d ed -2 Phil. Ev. 22.

 Chitty, 70. — L. Raym. 743.

 Putnam vs. Sullivan, 4 Mass. Rep. 45. — Widgery vs. Munroe, 6. Mass. Rep. 449 —Whittier vs. Graffam, 3 Greenl. 82.

 Thomson on Bills, 444.

 Burrill vs. Smith, 7 Pick. 291