## NORTH NATIONAL BANK.

### *vs.*

## H. G. HALL, and NANCY I. HALL, Admx.

Knox.    Opinion December 19, 1920.

*Promissory note. Maker deceased. Indorser. Demand necessary on the personal representative of a deceased maker of a promissory note, no place of payment being specified, if with reasonable diligence he can be found.*

This is an action upon a promissory note, dated November 9th, 1908, payable on or before six years from said date by G. L. Farrand to H. G. Hall, and by H. G. Hall before maturity endorsed in blank, and negotiated to the plaintiff bank.

At the time the note became due the maker, Farrand, had died, and Helen Farrand had been appointed administratrix of his estate. At the date of the maturity of the note, a notary public and cashier of the plaintiff bank made protest thereof, but did not make nor attempt to make any demand upon the administratrix of Farrand, the maker, the protest showing that he demanded said note at the said North National Bank, which was the endorsee. No place of payment was stated in the note.

The justice, without the intervention of a jury, found for the plaintiff, to which the defendant filed exceptions.

The only question was whether a demand was necessary upon the administratrix.

*Held*:

That such demand was necessary.

On exceptions by defendant.   This is an action on a promissory note, the maker having died before maturity of the note, and an administratrix had been appointed of his estate, it having been

endorsed by payee before maturity to plaintiff, no place of payment being specified in the note. It was protested at maturity by a notary public, cashier of plaintiff bank, but no demand was made upon the administratrix of the estate of the maker. The presiding Justice, without the intervention of a jury, held that a demand on the administratrix was not necessary, and found for the plaintiff, and defendant excepted.

Exceptions sustained.

Case stated in the opinion.

*Alan L. Bird*, for plaintiff.

*A. S. Littlefield*, for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This is an action upon a promissory note, dated November 9th, 1908, payable on or before six years from said date by G. L. Farrand to H. G. Hall, and by H. G. Hall before maturity endorsed in blank, and negotiated to the plaintiff bank.

At the time the note become due the maker, Farrand, had died, and Helen Farrand had been appointed administratrix of his estate. At the time of maturity of said note, no appraisal had been filed, but later an inventory was returned showing some thousands of dollars of real estate, and several thousands of personal property, all of which except $75.00 was said to be in the hands of the trustee in bankruptcy of said Farrand. The estate was never represented insolvent.

On November 9th, 1914, the date of the maturity of the note, E. F. Berry, a notary public, and cashier of the plaintiff bank, made protest thereof, but never did make or attempt to make any demand upon the administratrix of said Farrand, the protest showing that he demanded said note at the said North National Bank, which was the endorsee. No place of payment was stated in the note. No demand was made upon the administratrix of the deceased maker. The question raised by the exception is: Was such demand necessary in order to charge the endorser?

The justice, without the intervention of a jury, found for the plaintiff, to which the defendant filed exceptions. There is no dispute upon the facts. The justice based his decision upon *Hale* v. *Burr*, 12 Mass. 85, a case which was precisely in point, and held

that a demand upon the administrator was not necessary. His attention was not called by either side to *Gower* v. *Moore*, 25 Maine, 16, which upon the same state of facts decided directly the other way. Accordingly the only question is, whether we shall follow the Maine decision, which was affirmed in *Hunt* v. *Wadleigh*, 26 Maine, 273, or overrule these decisions and follow the Massachusetts case, which was expressly considered by our court but not followed. We find no ground, either in reason or law, for pursuing the latter course.

It may not be improper to observe, as bearing upon the reason for the Maine decision, that our negotiable instrument act follows our court.

As that act will apply to cases arising after its going into effect, it will be of no consequence to make further citations.

*Exceptions sustained.*